# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

NANCY ANN BURKE, et al.,

      Plaintiffs,

vs.

LIPPERT COMPONENTS INC., et al.,

      Defendants/Third-Party Plaintiffs,

vs.

ENERPAC TOOL GROUP CORP., et al.,

      Third-Party Defendants.

Case No. 21-CV-3020-CJW-KEM

**MEMORANDUM OPINION AND ORDER**

_____

     Plaintiffs move for leave to file an amended complaint and to name the Third-Party Defendants as Defendants. Doc. 105. Defendants Lippert Components Inc. and LCI Industries resist (collectively, Lippert), as well as Third-Party Defendants Enerpac Tool Group Corp. and Engineered Solutions, L.P (collectively, Enerpac). Docs. 116, 117. Plaintiffs also move to extend deadlines as a result of the amended complaint and newly added Defendants (and other reasons I have already rejected). Doc. 115. I **deny** both motions. Docs. 105, 115.

## I.    BACKGROUND

     Plaintiffs initiated this negligence and products-liability case in June 2021. Doc. 1. They alleged their decedent fell and died when the retractable steps on their motorhome failed. *Id.* They named as Defendants the designers, manufacturers, and sellers of the motorhome (Winnebago Industries, Inc.) and of the steps (Lippert). *Id.*

The scheduling order entered in October 2021 set the deadline to add parties and amend pleadings for the end of November 2021. Doc. 13. On April 22, 2022, however, Lippert filed an unresisted motion for leave to file a third-party complaint. Docs. 31, 34. Lippert argued that Enerpac was liable for its defense based on a 2014 agreement. *See* Doc. 35. Lippert explained that it did not add Enerpac as a party by the deadline because they had been working together since September 2021 to resolve the liability issue without court involvement. *Id.* According to Lippert, Enerpac ultimately agreed to defend the lawsuit in late March 2022 but then reneged on that promise, prompting the motion for leave to amend. *Id.* Based on these representations and the consent of the other parties in the lawsuit, I found good cause to amend the scheduling order and allowed Lippert to file the third-party complaint. Doc. 35.

Lippert alleged breach-of-contract and indemnity claims against Enerpac. Doc. 36. Lippert noted it purchased the Kwikee brand from Enerpac in June 2014. *Id.* The purchase agreement provided that Lippert did not assume liability for future products-liability claims arising out of "the use of products manufactured or sold by the Business prior to the closing date," but the first $250,000 of losses "arising out of such litigation or claims" would be Lippert's obligation. *Id.* Because Plaintiffs alleged the motorhome was purchased in May 2013, Lippert contended Enerpac was responsible for Plaintiffs' claim. *Id.*

Enerpac entered an appearance in this case in early June 2022. Doc. 39. At the parties' joint request, I continued trial and extended the discovery deadline to October 7, 2022. Doc. 58. In mid-July, Enerpac moved to dismiss the claims against it; the court denied this motion in early October. Docs. 57, 64. The court suggested that the 2014 agreement renders Enerpac liable for the lawsuit and requires Lippert to indemnify Enerpac up to $250,000. Doc. 64. When Enerpac did not file an answer as required by Federal Rule of Civil Procedure 12(a)(4)(A), the court ordered one be filed; Enerpac filed its answer on November 23, 2022. Docs. 85, 99.

2

After the close of discovery in early October, I held a status conference with the parties in which Plaintiffs argued that the discovery deadline "was one for serving discovery, not completing discovery," an argument I swiftly rejected. Doc. 89. I noted Defendants did not need to respond to discovery served on the day of the deadline. *Id.* Shortly thereafter, Plaintiffs moved to extend the discovery deadline to December 2022. *Id.* Plaintiffs argued that an extension was necessary because Lippert served more than 240,000 documents of ESI[1] on the discovery deadline. *Id.* I outlined the meet-and-confer process between the parties on ESI and found Plaintiffs "as much to blame for the delay in receiving ESI from Lippert as Lippert is." *Id.* I also noted Plaintiffs did "not point[] to any new information learned from these documents or additional discovery they need to conduct as a result." *Id.* Thus, I found Plaintiffs had not been diligent in conducting discovery and could not demonstrate good cause to extend the deadline. *Id.*

In addition, Plaintiffs first raised the issue of destructive testing after the close of discovery. *See* Doc. 113. Lippert and Enerpac moved for a protective order in mid-November 2022, which I granted in mid-December. *Id.* I found that Plaintiffs could have conducted this testing (or at least raised the issue) prior to the close of discovery and that the opposing parties would be prejudiced by Plaintiffs supplementing their expert reports after the close of both expert and fact discovery and after Defendants had filed dispositive motions. *Id.*

On December 12, 2022—after discovery closed and dispositive motions had been filed—Plaintiffs moved for leave to file an amended complaint. Doc. 105. The amended complaint omits Winnebago as a Defendant, who has been voluntarily dismissed from this case. Doc. 106. It also adds Enerpac (Third-Party Defendant) as Defendant, alleging that Lippert assumed liability for the Kwikee brand in the 2014 agreement or that alternatively, Enerpac retained liability. Doc. 105-2. The next week, Plaintiffs filed a motion to continue trial and reopen expert and fact discovery. Doc. 115. Defendants

---

[1] Electronically Stored Information.

3

filed resistances to the motion to amend. Docs. 116, 117. Given that I have already addressed most of Plaintiffs' arguments raised in the motion to continue and that dispositive motions are pending, I do not find the need to wait for the resistance deadline to rule on the motion to continue.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading prior to trial with leave of court.[2] Allowing amendment of pleadings would be improper if the motion to amend involves "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."[3] "The court should freely give leave [to amend] when justice so requires."[4]

In addition, because the deadline to add parties and amend pleadings established by the scheduling order expired in November 2021 (Doc. 13), Plaintiffs must demonstrate "good cause" to modify the schedule under Federal Rule of Civil Procedure 16(b)(4).[5] Some district courts in the Eighth Circuit have suggested that a party must also demonstrate excusable neglect to amend a complaint after the deadline for amendment has expired, relying on Federal Rule of Civil Procedure 6(b)(1)(B), which provides "[w]hen an act may or must be done within a specified time, the court may, for good

---

[2] *See also* **Planned Parenthood Minnesota, N.D. v. Daugaard**, 946 F. Supp. 2d 913, 918 (D.S.D. 2013) (holding Rule 15 governed amendment seeking to dismiss some, but not all claims, rather than Rule 41, which governs dismissal of the entire action).

[3] **Popoalii v. Correctional Medical Services**, 512 F.3d 488, 497 (8th Cir. 2009).

[4] **Fed. R. Civ. P. 15(a)(2)**.

[5] *See* **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 16 (8th Cir. 2008) (holding that a party must demonstrate good cause under Rule 16, in addition to the requirements of Rule 15(a), when moving to amend a pleading after the deadline set by the scheduling order has expired).

4

cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[6]

"The primary measure of good cause is the movant's diligence in attempting to meet the deadline"[7] "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading."[8] A court may also consider prejudice to the nonmoving party caused by modification of the scheduling order, but this factor will generally not be considered if the moving party has not been diligent in meeting the scheduling-order deadlines.[9] Somewhat similarly, when analyzing excusable neglect, the court considers prejudice, the length of delay, the reason for the delay, and whether the movant acted in good faith.[10]

Plaintiffs argue that they were not on notice of the need to add Enerpac as a Defendant until Lippert filed its summary-judgment motion in early November 2022. Doc. 80-2. In that motion, for the first time, Lippert argued that they are not liable for Plaintiffs' claims under the law in Iowa that a company that purchases the assets of another company is not liable for the debts and liabilities of the transferor. Doc. 80-2. Plaintiffs note that Lippert did not produce the 2014 asset-purchase agreement in its initial disclosures nor plead the 2014 agreement as a defense in its answer (although it did deny

---

[6] *See Younie v. City of Hartley*, No. C14-4090-CJW, 2016 WL 2864442, at *3 (N.D. Iowa May 13, 2016); *BCD Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:05CV25, 2007 WL 2344814, at *3 (D. Neb. Aug. 14, 2007); *but see Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 n.2 (D. Minn. 2019); *cf. Sherman*, 532 F.3d at 716-17 (holding that Rule 16 good-cause standard governed amendment of pleadings after expiration of scheduling-order deadline, not Rule 15 standard; not addressing Rule 6 and excusable neglect).

[7] *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)).

[8] *Id.* at 1100.

[9] *Kmak v. Am. Century Companies, Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017).

[10] *Younie*, 2016 WL 2864442, at *3; *BCD Farms*, 2007 WL 2344814, at *3.

5

manufacturing, designing, and selling the 2013 step). Plaintiffs contend that they were not aware of Enerpac's existence until January 2022.

In addition, Plaintiffs suggest that they could not have filed claims against Enerpac until it filed its answer (which occurred in mid-November 2022). Plaintiffs note that the statute of limitations on their claims ran in August 2021. But Plaintiffs rely on Iowa Code § 668.8, which provides that filing a lawsuit tolls the statute of limitations "against all parties who may be assessed any percentage of fault" under Iowa's comparative-fault laws. Plaintiffs point to *Reese v. Werts Corp.*,[11] which they argue stands for the proposition that this tolling provision applies to a plaintiff's claims against a third-party defendant. It is not clear from this argument, however, the significance of Enerpac's answer—why did Plaintiffs wait to add Enerpac until it filed its answer (in November 2022), rather than when Lippert added Enerpac as a third-party defendant (in May 2022). Plaintiffs suggest that Enerpac did not "submit to the jurisdiction of the court" until it filed an answer admitting venue was proper.

Enerpac and Lippert respond that Plaintiffs cannot demonstrate diligence. They point to a January 27, 2022 email from Lippert to Plaintiffs:

> I wanted to give you a heads up that my client's discovery responses may be limited due to the fact that they purchased the Kwikee step brand in June 2014 from Engineered Solutions, L.P., a former subsidiary of Enerpac Tool Group ("Enerpac Tool Group" is the new name of Actuant Corporation. Actuant changed its name to Enerpac in 2019), which is based in Wisconsin.
>
> Accordingly, it is probably wise for Plaintiffs to bring Enerpac into this lawsuit.

*See* Doc. 116. Thus, Lippert and Enerpac argue that Plaintiffs should have moved to add Enerpac as a party eleven months ago. In addition, Lippert added Enerpac as a third-party defendant in May 2022 (about seven months before Plaintiffs sought leave to amend) and produced the 2014 agreement in discovery on June 17, 2022 (about six months before Plaintiffs sought leave to amend). And the court ruled on Enerpac's

---

[11] 379 N.W.2d 1, 4-5 (Iowa 1985).

motion to dismiss and interpreted the 2014 agreement in early October 2022—yet Plaintiffs still waited more than two months to add Enerpac as a Defendant.

Lippert also argues that it would be prejudiced by Enerpac's late addition as a Defendant. Lippert notes that discovery is closed and dispositive motions are pending. Lippert argues that allowing Plaintiffs to add Enerpac at this late date would require reopening discovery, delay this case, and therefore prejudice Lippert, which has already incurred more than $100,000 in attorney's fees defending this action. Indeed, Plaintiffs seek to reopen expert discovery and fact discovery and continue trial seven months based on the addition of Enerpac as a defendant. *See* Doc. 115.

Lippert and Enerpac also argue that amendment would be futile based on the statute of limitations. They note that Lippert alleges liability against Enerpac based on the 2014 agreement and indemnity, not comparative fault. They note *Reese* provides that "[w]hen a right to indemnity arises, it does not affect the division of causal fault among those responsible for injuring the claimant," and that "[w]hen the third-party defendant is in the case only on an indemnity claim not involving comparative fault, the third-party's fault toward the plaintiff is not an issue."[12] Thus, they argue that the comparative-fault tolling provision does not apply.

As an initial matter, whether an amended complaint "relates back" to the filing of the original complaint for statute-of-limitations purposes is a procedural matter governed by federal law.[13] An amended pleading naming a new defendant relates back to the original pleading when the claim "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading" and "within the period . . . for serving the summons and complaint," the new defendant received notice of the action such that it will not be prejudiced in defending on the merits" and "knew or should have known that the action

---

[12] 379 N.W.2d at 6.

[13] *Est. of Butler ex rel. Butler v. Maharishi Univ. of Mgmt.*, 460 F. Supp. 2d 1030, 1039 (S.D. Iowa 2006) (citing *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 416 (8th Cir. 1967)).

would have been brought against it, but for a mistake concerning the proper party's identity."[14]  Here, in Lippert's motion seeking leave to add Enerpac as a Third-Party Defendant (filed in mid-May 2022), Lippert noted that it had provided Enerpac with notice of this lawsuit in September 2021, within the time period for serving the summons and complaint.  And indeed, Lippert contended that Enerpac, not itself, retained sole liability for the lawsuit under the 2014 agreement.  Therefore, it appears that amendment to add Enerpac would not be futile on statute-of-limitations grounds, as amendment would relate back under Federal Rule of Civil Procedure 15(c)(1)(C).

But Plaintiffs cannot show diligence.  They could have moved to add Enerpac in May 2022, when Lippert added Enerpac to this case—they did not need to wait until Enerpac filed its answer.  They also received notice in January 2022 about Enerpac's potential liability, but made no effort to conduct discovery related to Lippert's purchase of the Kwikee brand.  And even if it could be said that the district court's order on Enerpac's motion to dismiss provided (for the first time) the court's interpretation of the 2014 agreement and Enerpac's and Lippert's respective liabilities, Plaintiffs still waited more than two months after the court's ruling to add Enerpac as a Defendant.  I do not find good cause to amend the scheduling order to allow Plaintiffs to add new parties and amend their pleading at this late date.

Neither do I find good cause to reset the discovery and expert deadlines and continue the trial date.  Plaintiffs raise several arguments that I have already rejected.  Plaintiffs argue that Lippert's "document dump" on the discovery deadline justifies an extension.  Once again, Plaintiffs fail to point to any new information learned from these documents or additional discovery they need to conduct as a result.  *See* Doc. 89.  I also previously found that Plaintiffs were as much to blame for Lippert's discovery delay as Lippert.  *Id.*  Plaintiffs also argue that the need for destructive testing justifies an extension.  But I have already found that Plaintiffs could have conducted destructive

---

[14] **Fed. R. Civ. P. 15(c)(1)(C).**

testing (or at least raised the issue) during the discovery period. Doc. 113. Plaintiffs also argue that the need to conduct discovery related to the 2014 agreement justifies an extension. I previously denied Plaintiffs' motion to compel related to Enerpac for failure to meet and confer, noting Plaintiffs "were dilatory in trying to resolve . . . issues with [Enerpac] prior to the discovery deadline and made no real effort to work at real compromise with Defendants." Doc. 90. And as with the motion to amend, Plaintiffs argue the court's ruling on the motion to dismiss, Enerpac's answer, and the addition of Enerpac as a Defendant (if the court granted Plaintiffs' motion to amend) shows changed circumstances justifying an extension. As noted above, Plaintiffs cannot show diligence with respect to the motion to amend.

Ultimately, Plaintiffs cannot show that they acted diligently to meet scheduling-order deadlines, and thus, the court does not find good cause to extend deadlines.


### III.   CONCLUSION

Plaintiffs' motion for leave to file an amended complaint (Doc. 105) is **denied** for untimeliness. Plaintiffs' motion to continue trial (Doc. 115) is **denied** for lack of good cause.

**SO ORDERED** on December 28, 2022.


Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa